UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco HERNANDEZ–HERRERA,
Defendant–Appellant.

No. 91–3076.

United States Court of Appeals,
Tenth Circuit.

Dec. 20, 1991.

Michael L. Harris (Charles D. Anderson, Federal Public Defender, with him on the brief), Asst. Federal Public Defender, Kansas City, Kan., for defendant-appellant.

Christina L. Morris (Lee Thompson, U.S. Atty., D. Kan., with her on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before ANDERSON and TACHA, Circuit Judges, and CHRISTENSEN, District Judge.*

TACHA, Circuit Judge.

Defendant–Appellant Francisco Hernandez–Herrera appeals from a Judgment and Commitment Order following his conviction for violation of 8 U.S.C. § 1326(a)(1) and 8 U.S.C. § 1326(b)(1). On appeal, defendant argues that the trial court committed reversible error in admitting Government Ex-

* The Honorable A. Sherman Christensen, United States District Court for the District of Utah, sitting by designation.

hibits 1, 2, 3, 4 and 9 because these exhibits were not properly authenticated. Defendant also argues that Exhibit 9 is inadmissible hearsay and does not fall within the business record exception of Rule 803(6) of the Federal Rules of Evidence. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

■ When deciding whether evidence was properly admitted or excluded, we use an abuse of discretion standard of review, "defined in this circuit as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Cardenas*, 864 F.2d 1528, 1530 (10th Cir.) (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir.1987)), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). *See also C.A. Assocs. v. Dow Chem. Co.*, 918 F.2d 1485 (10th Cir.1990).

### I. EXHIBITS 1–4

The foundations the government laid for Exhibits 1, 2, 3 and 4 are nearly identical. All four exhibits were documents from an Immigration and Naturalization Service (INS) file retrieved from the Denver immigration office. The government offered testimony from Michael Wheeler, an agent of the INS, that all four exhibits were records kept by the INS in the course of its regularly conducted business activity. Concerning Exhibits 1, 3, and 4, Wheeler testified that it is the regular practice of the INS to make these records at or near the time of the events reflected in the records. Wheeler also testified that Exhibit 2—the decision of the immigration judge—was prepared by someone with knowledge of the events reflected in the document.

Agent Wheeler gave testimony concerning how the immigration file was identified and obtained. Wheeler testified that he interviewed the defendant on May 23, 1990 and placed the defendant's name into the Immigration Service's computer to determine whether the defendant had an immigration file. Wheeler discovered that a file under the name of Francisco Hernandez–Herrera was located at the Denver, Colorado immigration office. Wheeler then "retrieved" that file from the Denver immigration office and kept the file in his custody.

■ Authentication is a prerequisite to the admission of evidence. Fed.R.Evid. 901(a). The authentication requirement is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* The rationale for the authentication requirement is that the evidence is viewed as irrelevant unless the proponent of the evidence can show that the evidence is what its proponent claims. *Cardenas*, 864 F.2d at 1531 (citations omitted).

Defendant argues that Exhibits 1–4 were not properly authenticated. Defendant maintains that, even assuming Exhibits 1–4 are public records, they were not authenticated as public records under Rule 901(b)(7) because the government failed to properly establish a chain of custody.[1] Defendant also argues that Exhibits 1–4 could not have been authenticated under Rule 901(b)(1) because no witness "with knowledge" presented testimony that the exhibits were what the government purported them to be.

Rule 901(b)(1) provides that a witness with knowledge may authenticate a piece of evidence by testifying that a matter is what it is claimed to be. The trial transcript shows that Agent Wheeler had personal knowledge of the circumstances surrounding the making of the relevant INS forms and that Wheeler was familiar with the recording procedures of the INS. Wheeler testified that he had worked for the INS for nearly five years. For two of those years, Wheeler was an Immigration Detention Officer and was involved in moving, detaining and transporting illegal aliens.

---

**1.** Federal Rule of Evidence 901(b)(7) provides "by way of illustration only" an example of how public records or reports can be authenticated: "Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."

▆ We find that the testimony of Wheeler, an INS agent familiar with the record keeping practices of the INS regarding Exhibits 1–4, establishes the authenticity of these exhibits under Rule 901(b)(7). *United States v. Quezada*, 754 F.2d 1190, 1194 (5th Cir.1985). In finding that Exhibit 2—the decision of the immigration judge—was sufficiently authenticated, we rely both on Agent Wheeler's testimony and on the internal indicia of reliability appearing on the face of the exhibit. *See United States v. Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir.1989). Because these documents are uniquely identifiable and relatively resistant to change, the establishment of a chain of custody is not necessary. *Cardenas*, 864 F.2d at 1531. The trial court committed no abuse of discretion in admitting Exhibits 1–4 into evidence.

## II. EXHIBIT 9

■ Exhibit 9 is a photocopy of a fingerprint card. The government claimed that Exhibit 9 was a photocopy of the defendant's fingerprint card from the Denver Police Department, made November 4, 1977, bearing the Denver Police Department identification number of 268336. The defendant argues that the photocopy of the fingerprint card is inadmissable hearsay. We find, contrary to defendant's assertions, that the objection he raised at trial to Exhibit 9 was not "in substance" a hearsay objection. Consequently, the defendant cannot raise the hearsay issue on appeal. *See United States v. Markopoulos*, 848 F.2d 1036, 1039 (10th Cir.1988); *United States v. Taylor*, 800 F.2d 1012, 1017 (10th Cir.1986) ("specific ground for reversal of an evidentiary ruling on appeal must also be the same as that raised at trial" (citations omitted)), *cert. denied*, 484 U.S. 838, 108 S.Ct. 123, 98 L.Ed.2d 81 (1987). The defendant also argues that Exhibit 9 was not properly authenticated. We hold that the trial court did not abuse its discretion in ruling that Exhibit 9 was admissible.

The government offered testimony from FBI Special Agent Robert Novotny that Exhibit 9 was requested from the Denver, Colorado Police Department and was received in the District of Kansas. Agent Novotny testified that there is nothing about a photocopy of a fingerprint card that makes it less reliable than the original. He also testified that he had never seen the original. He stated, "The original I believe is in Denver, Colorado."

We find that there is ample circumstantial evidence to establish that Exhibit 9 was what the government purported it to be. In discussing the authenticity of a fingerprint card, the Eleventh Circuit ruled that the authenticity of the card could be inferred from sufficient circumstantial evidence. *United States v. Lopez*, 758 F.2d 1517, 1521 (11th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 789, 88 L.Ed.2d 767 (1986). This Circuit has held that the "identification of physical evidence, and its connection to a particular defendant, may be shown through either circumstantial or testimonial evidence." *United States v. Brewer*, 630 F.2d 795, 802 (10th Cir.1980) (citing *United States v. White*, 569 F.2d 263 (5th Cir.), *cert. denied*, 439 U.S. 848, 99 S.Ct. 148, 58 L.Ed.2d 149 (1978)).

Agent Novotny testified that the fingerprints on Exhibit 9 matched the set of prints on two other exhibits—Exhibits 3 and 8—that were already admitted into evidence.[2] Rule 901(b)(3) of the Federal Rules of Evidence provides that authentication may be established through comparison by an expert "with specimens which have been authenticated." Agent Novotny also testified that the fingerprint card showed a "DPD" number, a number assigned by the Denver Police Department. The DPD number on Exhibit 9 matched the DPD number on two other exhibits—Exhibits 6 and 7—that had already been properly admitted into evidence. Further, in laying the foundation for Exhibit 6, the government offered testimony concerning the significance of the DPD number.

---

**2.** These exhibits were Exhibit 3, the warrant of deportation, and Exhibit 8, the defendant's fingerprint card taken October 9, 1990.

Although the government could have laid the foundation for Exhibit 9 in a more thorough manner, it presented sufficient circumstantial evidence to place the admission of Exhibit 9 within the broad discretion of the trial court. Any possible lack of proof connecting Exhibit 9 with the defendant was a matter for the jury to consider. *Brewer*, 630 F.2d at 802 (citations omitted). Therefore, we conclude that the trial court committed no abuse of discretion in admitting Exhibit 9.

AFFIRMED.