979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus ACOSTA-ACEVEDO, Defendant-Appellant.
 No. 92-3215.
 United States Court of Appeals, Tenth Circuit.
 Nov. 6, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Jesus Acosta-Acevedo appeals his conviction in the United States District Court for the District of Kansas for violation of 8 U.S.C. § 1326(a). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 I.
 
 3
 Mr. Acosta-Acevedo is a Mexican citizen with a long history of deportation proceedings, including one deportation subsequent to a 1986 conviction in Alameda County, California for the sale of heroin. On February 15, 1992, Acosta-Acevedo's past caught up with him when he was convicted of the illegal re-entry by an alien deported subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a).
 
 
 4
 A central element at his trial was linking the defendant with his prior felony conviction. The government offered three Alameda County documents as proof that the defendant was the same person convicted of the felony in California: (1) Exhibit 12 was a fingerprint card containing the defendant's fingerprint and the file number ALT276; (2) Exhibit 13 was a Criminal Information with the file number ALT276; and (3) Exhibit 14 was a Commitment to state prison with the file number ALT276. In conjunction with Acosta-Acevedo's known fingerprints, these documents conclusively linked the defendant with the heroin conviction.
 
 
 5
 Mr. Francisco Theus testified for the government regarding the documents pertaining to Acosta-Acevedo's felony conviction in California. Mr. Theus testified that he had been an employee of the Immigration and Naturalization Service ("INS") in San Francisco since 1983. He testified that since 1988 he had been the INS agent assigned to the Alameda County Narcotics Task Force ("Task Force"). He further testified that, pursuant to his Task Force duties, he worked with local law enforcement agencies--including the Alameda County Sheriff's Office--and was familiar with both their records and their recordkeeping practices. Finally, Mr. Theus's testimony established the requirements for admission of the Alameda County documents under the business records hearsay exception.
 
 
 6
 Acosta-Acevedo objected at trial to the admission of this evidence under Rules 602 and 803(6) of the Federal Rules of Evidence. He argued that Mr. Theus's testimony did not establish a proper foundation for a Rule 803(6) business records hearsay exception because Mr. Theus lacked personal knowledge of Alameda County's recordkeeping practices. In particular, Acosta-Acevedo noted that Mr. Theus was not a Task Force member in 1986, when the documents were made. The trial court overruled Acosta-Acevedo's continuing objection and admitted the testimony and the records. Mr. Acosta-Avecedo elected not to further pursue Mr. Theus's qualifications as a proponent of the Alameda County records.
 
 II.
 
 7
 We review the district court's decision to admit or exclude evidence for an abuse of discretion. United States v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir.1991). The essence of Mr. Acosta-Acevedo's argument is that Mr. Theus failed to establish that he had personal knowledge regarding Alameda County's recordkeeping practices and thus was unable to supply the foundation for a business record hearsay exception under Rule 803(6). We disagree.
 
 
 8
 "[T]here is no requirement that the party offering a business record produce the author of the item." FDIC v. Staudinger, 797 F.2d 908, 910 (10th Cir.1986). Rather, the elements of a business record hearsay exception can be established by any person with sufficient knowledge of the recordkeeping system at hand.
 
 
 9
 It is undisputed that Mr. Theus worked with Alameda County law enforcement officials and was exposed to their recordkeeping practices. Given that, Acosta-Acevedo appears to argue that the government has not demonstrated precisely how that exposure provided Theus with personal knowledge of Alameda County's recordkeeping practices. We decline Acosta-Acevedo's invitation to impose such a demanding requirement in this case.
 
 
 10
 While Mr. Theus may not have been the most qualified person to testify to Alameda County's recordkeeping practices, the district court was certainly within its discretion in finding him to be a qualified person. Rule 602 provides that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602. Mr. Theus testified that he was familiar with Alameda County recordkeeping practices because he worked with the local law enforcement agencies. We hold that this testimony was sufficient to support a finding of personal knowledge, especially given the defense's failure to further explore the nexus between the witness's experience and purported personal knowledge on cross-examination. See United States v. Davis, 792 F.2d 1299, 1304-05 (5th Cir.), cert. denied, 479 U.S. 964 (1986). Accordingly, Mr. Theus's testimony established a proper foundation for a Rule 803(6) hearsay exception and the evidence was properly admitted.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3