16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Betty JOHNSON, Plaintiff-Appellant,
v.
LANDMARK PLAZA, LTD. and Representatives, Defendant-Appellee.
 No. 93-3189.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is an appeal from the district court's order enforcing a settlement agreement between the Appellant, Betty Johnson ("Johnson"), and the Appellee, Landmark Plaza, Ltd. ("Landmark Plaza"). Johnson alleges that the court erred in granting Landmark Plaza's motion to enforce the settlement agreement because Landmark Plaza representatives allegedly engaged in bad faith conduct during the settlement conference. We affirm.
 
 
 3
 A trial court has the authority to enforce a settlement agreement entered into by litigants while the litigation is pending before the court. U.S. v. Hardage, 982 F.2d 1491, 1496 (10th Cir.1993). We review the court's enforcement of a settlement agreement for an abuse of discretion. Id. at 1495. An abuse of discretion is "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." U.S. v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir.1991) (quotations omitted).
 
 
 4
 On February 24, 1992, Johnson commenced a pro se action against Landmark Plaza, her former employer, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e et seq., and pendent state law claims. U.S. Magistrate Judge Ronald C. Newman appointed counsel to represent Johnson and granted Johnson's motion to amend the complaint to add a claim under the Fair Labor Standards Act, 29 U.S.C. 206 et seq. On November 12, 1992, Magistrate Judge Newman convened a settlement conference, during which the parties, represented by counsel, reached an agreement that Johnson now seeks to repudiate.[2]
 
 
 5
 Whether an evidentiary hearing is required to resolve material facts concerning the existence or terms of a settlement agreement is to be determined on a case-by-case basis. See Chicano Police Officer's Ass'n v. Stover, 624 F.2d 127, 131-32 (10th Cir.1980). Here, when Johnson refused to sign the settlement agreement, the district court convened an evidentiary hearing. The court concluded that Johnson had voluntarily agreed to the terms of the agreement reached on November 12, 1992 and that her subsequent change of heart in no way defeated Landmark Plaza's effort to enforce the agreement. Johnson presents no evidence to demonstrate that the court erred in reaching this conclusion. Having been afforded the opportunity to rebut Landmark Plaza's contentions during the court's evidentiary hearing, Johnson fails to justify the need for additional review of the settlement terms.
 
 
 6
 Nor does Johnson convincingly attack the court's denial of her request for counsel. "A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420 (10th Cir.1992) (citing 42 U.S.C.2000e-5(f)(1)). Rather, the decision whether to appoint counsel is left to the sound discretion of the district court. Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988). In the context of an employment discrimination claim, we have characterized the court's discretion as "extremely broad." Castner, 979 F.2d at 1420. Appointed counsel represented Johnson during the settlement negotiations and we find no abuse of discretion in the court's refusal to appoint counsel for the evidentiary hearing.
 
 
 7
 Finally, Johnson's appeal seeks to name two additional defendants to her original claim against Landmark Plaza. Inasmuch as Johnson raises this issue for the first time in this appeal, we adhere to the well-established principle that we "will generally not address issues that were not considered and ruled upon by the district court." Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989).
 
 
 8
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Pursuant to the terms of the agreement, Landmark Plaza pledged to pay $12,000 to Johnson in exchange for the withdrawal of her claims against the firm. Landmark Plaza sent a written memorialization of the agreement to Johnson's counsel, but Johnson refused to sign it