85 F.3d 641
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In Re: SYNERGEN, INC., Securities Litigation, Defendant-Appellee,
v.
Clyde CUTNER; Toby Cutner, on behalf of themselves and all
those similarly situated; Marcello Aquino; Charles Dahl,
on behalf of himself and all others similarly situated;
Berry Freeman, on behalf of himself and all others similarly
situated; JANE Freeman; David Goldstein; Sylvia
Goldstein, on behalf of themselves and all those similarly
situated; Michael Kaptzan; Dennis A. Lowenthal, on behalf
of himself and all others similarly situated; Keith
Nemerov, on behalf of himself and all those similarly
situated; Thomas Rodak; Dianne Rodak, Individually and on
behalf of all other persons similarly situated; Leo Rubin,
on behalf of himself and all others similarly situated;
Marlene Sackheim, on behalf of herself and all others
similarly situated; Robert Sackheim, Dr.; Louis D.
Scarcia, on behalf of himself and all others similarly
situated; Janice M. Scarcia; Michael Antuono; Frank
Fasano, on behalf of themselves and all others similarly
situated; Oscar Sheffield; Daniel Knisely; Michael
Aquino, on behalf of himself and all others similarly
situated, Plaintiffs,
v.
JON S. SAXE, Kenneth Collins, Michael A. Catalano, Larry
Soll, Gregory Abbott, Defendants,
v.
Donald R. TEMPLE, John Temple, Mary Louise Temple,
Shareholders-Objectors-Appellants.
 No. 95-1381
 United States Court of Appeals, Tenth Circuit.
 March 15, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants, collectively referred to as the "Temples," appeal from the district court's Order denying their motion to amend a final judgment pursuant to Fed.R.Civ.P. 60(b)(1) in this class action litigation.
 
 
 3
 The Temples are members of the class in the Synergen, Inc. Securities Litigation. The district court issued an order on December 15, 1995, entitled Settlement Order, requiring counsel for Synergen, Inc. to mail a copy of notice of settlement of the class action and proof of claim by first class mail to all persons appearing on the transfer records of Synergen, Inc. as having had transferred to their names shares of Synergen stock purchased November 7, 1991, through February 19, 1993, at their addresses listed on the transfer records. Prior thereto on November 16, 1994, the Temples filed an independent action against Synergen in the District Court in and for the City and County of Denver. Synergen's attorneys requested a 60-day extension, which was granted, within which to answer. The December 15, 1995, notice was published in the Wall Street Journal and the Denver Post. This notice set a hearing on the fairness of the settlement on March 7, 1995, and advised that unless a class member timely requested exclusion from the settlement by mailing a form postmarked on or before February 15, 1995, the settlement, if approved, would bar class members from prosecuting individual claims.
 
 
 4
 The Temples held their Synergen stock in "street name" being the name of their stockbroker. These shares appeared in the Synergen records under the brokerage firm of Charles Schwab & Co., which received the mailed notice of settlement by first class mail on January 9, 1995. Schwab did not provide the Settlement Administrator with a list of its customers until more than one month had expired. Schwab's request to notify its customers was received on February 21, 1995. The Administrator submitted the notice to the Temples on February 24, 1995.
 
 
 5
 On April 12, 1995, the Temples filed a request to opt-out or for exclusion from the Settlement Administrator, which was denied by the Administrator on April 12, 1995. On April 25, 1995, the Temples filed a motion in the district court requesting an order authorizing the Temples to opt-out or authorizing Settlement Administrator to grant them an extension for exclusion based upon the failure to provide the Temples with proper notice. The district court denied this motion, and this appeal followed.
 
 
 6
 On appeal, the Temples contend that the district court abused its discretion by denying their motion to opt-out or to authorize the Settlement Administrator to grant them an extension for exclusion based upon the failure to give the Temples proper notice. They argue that the motion should have been granted because: (a) they received notice of the deadline of February 15, 1995, to opt-out 31 days after the deadline, March 16, 1995, (b) they were denied the opportunity to present any evidence entitling them to relief from the final judgment, and (c) they were entitled to relief as provided under Fed.R.Civ.P. 23(d)(2) and 60(b).
 
 
 7
 We review the district court's order of August 3, 1995, under the abuse of discretion standard. Under this standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. When we apply the 'abuse of discretion' standard, we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.1991). We have defined "abuse of discretion" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." F.D.I.C. v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.1994) (quoting United States v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir.1991)).
 
 
 8
 We do not find any abuse of discretion by the district court. Accordingly, we AFFIRM substantially for the reasons set forth in the district court's Order of August 3, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties