UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 10/4/96**

TRACIE LOUISE CASTILLEJA,

Plaintiff-Appellant,

v.

PHILLIP HARWELL,

Defendant-Appellee.

No. 96-6013
(D.C. No. CIV-95-106-BL)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Tracie Louise Castilleja appeals the district court's ruling that conduct which resulted in the revocation of defendant's medical license was not relevant to his credibility.  Because the district court did not abuse its discretion, we affirm.

Plaintiff sued defendant for malpractice, claiming that he recommended and performed an unnecessary hysterectomy on her.  Approximately one month before the case went to trial, the Oklahoma State Board of Medical Licensure and Supervision revoked defendant's medical license, based on his conduct with a different patient.  The Board concluded that defendant's admitted acts of lowering his pants to show the patient his tattoo and bringing a pornographic video tape to her home constituted unprofessional conduct, defined in section 509(9) of title 59 of the Oklahoma Statutes to include "[d]ishonorable or immoral conduct which is likely to deceive or defraud the public."  The district court granted defendant's motion to exclude evidence of the revocation because the conduct for which defendant was disciplined had no relevance to his truthfulness and veracity.  The jury returned a verdict in favor of defendant, and this appeal followed.

We review the district court's decision to admit or exclude evidence for an abuse of discretion.  FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir. 1994).

Under this standard, we will reverse the trial court only when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir. 1991)(quotations omitted).

Section 608(b) of the Federal Rules of Evidence permits the use of specific instances of bad conduct to impeach a witness if, "in the discretion of the court, [they are] probative of truthfulness or untruthfulness." Here, the conduct with which plaintiff sought to impeach defendant was his act of exposing himself and his delivery of a pornographic movie to a patient. These acts do not bear on defendant's character for truthfulness, and this evidence was properly excluded. See, e.g., United States v. McMillon, 14 F.3d 948, 956 (4th Cir. 1994)(holding that witness's sexual life was "not probative of his character for truthfulness").

Although the section under which defendant's license was revoked included conduct which was "likely to deceive or defraud the public," the district court did not abuse its discretion in finding, after reviewing the license revocation transcript and documents, that the Board disciplined defendant for his "dishonorable or immoral" behavior, and not his lack of truthfulness and veracity. Appellant's App. at 62; see United States v. Hurst, 951 F.2d 1490, 1501 (6th Cir. 1991)(holding that relevance of conduct to truthfulness depended on underlying circumstances, and not statutory name of offense for which witness was convicted), cert. denied, 504 U.S. 915 (1992).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge