**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CESAR B. GARCIA-ENRIQUEZ,

    Defendant-Appellant.

No. 99-3326

(D.C. No. 98-CR-10052-01)
(D.Kan.)

**ORDER AND JUDGMENT**[*]

Before **EBEL** and **BRISCOE,** Circuit Judges, and **COOK**, District Judge.[**]

Appellant Cesar B. Garcia-Enriquez was convicted of one count of illegal reentry in violation of 8 U.S.C. § 1326(a). He was sentenced to 63 months imprisonment, three years of supervised release and a $100.00 fine. He timely appealed alleging the district court improperly admitted evidence over his objection and improperly instructed the jury. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable H. Dale Cook, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

**I.      Whether the District Court Erred in Admitting Evidence under the Business Records Exception to the Hearsay Rule That Was Used to Establish Elements of Alienage of and Deportation.**

When deciding whether evidence was properly admitted or excluded, we use an abuse of discretion standard of review, defined in this circuit as an arbitrary, capricious, whimsical or manifestly unreasonable judgment. United States v. Hernandez-Herrera, 952 F.2d 342, 343 (10th Cir. 1991).

At trial, appellant challenged the admissibility of documents from his INS A-file.[1] These documents were used to prove elements of the government's charge under 8 U.S.C. § 1326(a). The government admitted these documents through the testimony of INS Agent Scott Beechel. Appellant contends that because Beechel was not the custodian of records for these documents, the district court erred in admitting the documents into evidence.

The district court, however, followed the procedure for admission of such documentary evidence that we laid out in United States v. Hernandez-Herra and properly found the evidence was admissible. *See* Hernandez-Herra, 952 F.2d at 343-44 (allowing INS agent to testify and lay foundation for admission of documents from INS files). We find no abuse of discretion in the district court's decision to admit the documents.

**II.     Whether the District Court Erred in Instructing the Jury as to the Definition of "Knowing."**

We review jury instructions as a whole and use a *de novo* standard of review.

---

[1] An A-file is a record of transactions involving the INS and an individual alien.

United States v. Joe, 8 F.3d 1488, 1500 (10th Cir. 1993).

In Instruction 20, the district court instructed the jury that one of the elements of illegal reentry is that the defendant was knowingly and intentionally in the United States at the time he was found. The district court further instructed the jury

> An act is knowingly done if it is done voluntarily and intentionally, and not because of mistake or inadvertence or other innocent reason. The requirement that the defendant was "knowingly" in the United States does not require the government to prove that the defendant knew he was engaging in a crime, but only that he was intentionally and voluntarily in the United States.

In United States v. Gutierrez-Gonzales, 184 F.3d 1160 (10th Cir. 1999), this Court stated:

> As we have previously held, "nothing more than a showing of general intent is required" and "the government need not show that defendant willfully and knowingly engaged in criminal behavior, but only that the defendant's acts were willful and knowing – that the defendant willfully and knowingly reentered the United States and that he did so without the Attorney General's permission.

Gutierrez-Gonzalez, 184 F.3d at 1165 (quoting United States v. Miranda-Enriquez, 842 F.2d 1211, 1212 (10th Cir. 1988)).

As appellant concedes, the instruction given by the district court in this case is consistent with the principles discussed in our decision in United States v. Gutierrez-Gonzales. Appellant urges this court to abandon the approach taken in United States v. Gutierrez-Gonzales and subsequent cases and adopt a specific intent requirement for 8 U.S.C. § 1326(a) in light of the supreme court's decisions in Staples v. United States, 511

U.S. 600 (1994) and <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64 (1994). We choose not to do so and find no error in the instructions as given.

### III. Whether the District Court Erred in Permitting Evidence from Appellant's Deportation Hearing

The standard of review for admission of evidence is abuse of discretion. <u>Hernandez-Herrera</u>, 952 F.2d at 343. In reviewing the sufficiency of the evidence to support a conviction, this court reviews the record *de novo*. The evidence must be viewed in the light most favorable to the government, and this court must determine whether there was direct and circumstantial evidence from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. <u>United States v. Wilson</u>, 1357 107 F.3d 774, 778 (10th Cir. 1997).

In his prior administrative deportation hearing, it was determined that appellant was a citizen of Guatemala. The district court admitted INS documents showing the determination of alienage made during the deportation hearing. The government offered these documents as evidence of appellant's alienage.

Appellant cites <u>United States v. Meza-Soria</u>, 935 F.2d 166, 169 (9th Cir. 1991), for the proposition that evidence relating to the determination of alienage made in a prior deportation hearing is not by itself enough to prove the element of alienage required for a conviction under 8 U.S.C. § 1326(a). Because the burden of proof is higher in a criminal prosecution for illegal reentry than in a civil deportation hearing, the use of findings made in a deportation hearing to directly establish criminal elements in a later prosecution

-4-

would violate due process.

The government, however, introduced other evidence of appellant's alienage in addition to the INS documents from his deportation hearing. Included among this evidence was an Immigrant Visa and Alien Registration application signed under oath by appellant. This application states appellant was born in Guatemala. Thus, there was evidence of appellant's alienage before the jury other than the finding made in the prior deportation hearing. Taken as a whole, the evidence presented to the jury was sufficient to prove the alienage element of the offense. *See* United States v. Contreras, 63 F.3d 852, 858 (9th Cir. 1995) (discussing challenge to proof of alienage).

Appellant also argues the documents from his INS deportation hearing should not have been admitted because appellant was not given Miranda warnings before the prior deportation proceedings. However, we have held that Miranda warnings are not required in deportation hearings and we have approved of the use of such evidence in other cases. *See* United States v. Valdez, 103 F.3d 95, 99 (10th Cir. 1996) (stating absent showing of either fundamental unfairness in deportation proceeding or lack of judicial review, district court properly admitted evidence of alien's deportation hearing at trial for unlawful reentry after deportation); United States v. Valdez, 917 F.2d 466, 468 (10th Cir. 1990) (stating alien had no right to Miranda-type warning of right to remain silent at deportation hearing).

AFFIRMED.

Entered for the Court

H. Dale Cook
Senior District Judge