**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 24 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FLOYD P. DAVIS, on behalf of
himself,

       Plaintiff-Appellant,

v.

SIMON PROPERTY GROUP,
formerly known as Simon DeBartolo
Group, doing business as Oakwood
Mall,

       Defendant-Appellee,

   and

LES GARRETT,

       Defendant.

No. 00-6369
(D.C. No. 00-CV-371-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Floyd Davis appeals from the district court's grant of summary judgment in favor of defendant Simon Property Group (Simon).  Exercising our jurisdiction pursuant 28 U.S.C. § 1291, we affirm. [1]

A.  Facts and Procedural Background

Appearing  *pro se* , Mr. Davis brought this diversity action against Simon, alleging breach of contract and fraudulent misrepresentation under Oklahoma law.  The dispute arose from Mr. Davis's effort to develop a movie theater at a shopping mall in Enid, Oklahoma.  Simon served as the commercial leasing agent for the mall and its owners.

On August 31, 2000, Simon moved for summary judgment on several grounds.  It sent a copy of the motion to the post office box in Waukegan, Illinois, identified as Mr. Davis's address in his complaint.  Under a local rule requiring responsive pleadings to be filed within eighteen days, Mr. Davis's response was due no later than September 18.  By the 18th, however, he had not filed a response nor had he sought additional time by which to file one.

---

[1]     In his complaint below, Mr. Davis named Les Garrett as an additional defendant. The   district court   dismissed Mr. Garrett from the lawsuit. Mr. Davis does not challenge that dismissal on appeal.

On September 22, Simon filed a motion asking the district court to deem its summary judgment motion confessed. The motion rested on Local Rule 7.1(e), which provides that a motion not opposed within eighteen days may be deemed confessed. [2] Mr. Davis did respond to that motion, arguing that his post office box was "inaccessible" between September 1 to September 15, and denouncing Simon's failure to serve an additional copy of its summary judgment motion on him personally or to serve him by fax machine. Rec. Doc. 24. Mr. Davis attached a notice from the postal service revealing why he was denied access to his post office box: he had not paid his fees. Rec. Doc. 24, attachment entitled "P.O. Box Fee Due." According to the fee notice, his box was "reopened" on September 15 when he made the appropriate payment. *Id.* Mr. Davis also asked the district court to give him eighteen days from September 15, until October 3, within which to file a response to Simon's summary judgment motion.

Rejecting Mr. Davis's request for an extension of time as arriving "too late," the district court deemed the facts set forth in Simon's summary judgment

---

[2]     Western District of Oklahoma Local Civil Rule 7.1(e), which was renumbered 7.2(e) effective October 1, 2000, states: "Each party opposing a motion, application or objection shall file with the Clerk and serve upon all other parties a response within eighteen (18) days from the date of the motion, application or objection was *filed* . . . . Any motion, application or objection which is not opposed within eighteen (18) days may, in the discretion of the Court, be deemed confessed."

-3-

motion admitted. Rec. Doc. 25 at 3. The district court then granted summary judgment in favor of Simon. *Id.*

The district court readily acknowledged that its disposition was a harsh sanction for Mr. Davis's failure to file a timely response to the summary judgment motion. But the court also noted that its decision was informed and supported by still another, earlier failure-to-respond on the part of Mr. Davis. He did not submit a final witness and exhibit list to the court, despite a directive contained in the court's scheduling order to do so by August 1. The scheduling order warned the parties that "except for good cause shown, no witness shall be permitted to testify and no exhibit will be admitted . . . unless such witness or exhibit was listed [by August 1]." Rec. Doc. 19, Ex. A at 1.

The district court was prepared to enforce this crippling evidentiary burden, which obviously would have precluded Mr. Davis from presenting any evidence at trial. Said the court: "[P]ermitting Plaintiff additional time in which to respond would not be of assistance, as . . . it would be impossible for him to prevail [at trial]." Rec. Doc. 25 at 2. [3]

---

[3] Mr. Davis claims he did submit a timely witness and exhibit list. He informs that he faxed such a list from a Kinko's copy store near his home in Illinois to another Kinko's in Oklahoma City, and that a Kinko's staff member there "handled the transport" of the document to the court. The document, however, never arrived at the court. The most Mr. Davis can say, then, is that he filed the document with Kinko's, not the district court.

Viewed in its most generous light, Mr. Davis's *pro se* appeal challenges two aspects of the district court's ruling. First, he attacks the grounds offered by the court in support of the sanction it imposed on him for failing to respond to Simon's motion for summary judgment. Second, he objects to the district court's refusal to grant him an extension of time within which to file a response to the summary judgment motion. He does not challenge the district court's award of summary judgment to Simon on the merits. That is, he does not argue or point out to us the existence of any genuine issue of material fact such that a trial is necessary, nor does he deny that Simon is entitled to judgment as a matter of law.

B. The District Court's Refusal to Grant an Extension of Time

We review the district court's denial of an extension of time for an abuse of discretion. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998). An abuse of discretion will be found only where the trial court makes "an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991) (quotations omitted).

In light of this difficult standard, Mr. Davis fails to convince us that the district court abused its discretion. To begin with, given that he gained access to his postal box on September 15–three days before his response to Simon's motion for summary judgment was due–he does not explain why he was unable to prepare

either a response or a timely request for an extension of time during that three-day period.

Second, we reject Mr. Davis's contention that Simon acted deceptively in sending a copy of its motion to his postal box without, as it had done frequently (but not always) in the past, serving additional copies on him personally or by fax. Simon served the motion at the address given by Mr. Davis in his complaint. The record reveals no change of address for Mr. Davis; to the contrary, it reveals that he continued to provide this address in all papers he submitted after the complaint. The Federal Rules of Civil Procedure state that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by *mailing it to the attorney or party at the attorney's or party's last known address . . . .* " Fed. R. Civ. P. 5(b) (emphasis added). This Simon did; nothing else was required under the rules. *See Theede v. United States Dep't. of Labor* , 172 F.3d 1262, 1267 (10th Cir. 1999) (holding that mailing to last known address sufficient under Rule 5 and placing burden on party to inform court of any change of address).

C. The District Court's Decision to Deem Facts Admitted

We next consider the district court's decision to deem the facts contained in Simon's motion for summary judgment admitted. As we noted above, the court imposed this sanction on Mr. Davis for his failure to file a timely response to the

summary judgment motion. Such a sanction is a type of evidentiary ruling, and, in consequence, w e review it for abuse of discretion. *Durtsche v. Am. Colloid Co.*, 958 F.2d 1007, 1011 (10th Cir. 1992) (holding that a trial court's evidentiary rulings are reviewed under abuse of discretion standard). *See also Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.* , 131 F.3d 874, 894 (10th Cir. 1997) (reviewing exclusion of evidence at summary judgment stage of proceedings for abuse of discretion).

Local Rule 7.1(e), under which Simon filed its motion to confess, is not limited to summary judgment, but covers motions generally. It is unclear from the record whether the district court accepted Simon's statement of facts pursuant to this rule, or instead whether it did so under another local rule, Local Rule 56.1. That latter rule, which is applicable specifically to summary judgment motions, expressly authorizes a trial court to deem the moving party's statement of facts admitted in the event the adverse party fails to respond. [4] We need not determine the source of the district court's ruling, for w e may affirm on any basis the record supports, even one the district court did not cite. *See Wolfgang v. Mid-America Motorsports, Inc.* , 111 F.3d 1515, 1524 (10th Cir. 1997) ("[W]e are not

---

[4] Local Rule 56.1 provides that "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." W.D. Okla. L. Cv. R 56.1(c).

constrained by the district court's conclusions, but may affirm the district court on any legal ground supported by the record.").

We see nothing arbitrary, whimsical, or manifestly unreasonable about the district court's evidentiary ruling here. Local Rule 56.1 plainly authorized the court to sanction Mr. Davis in precisely the fashion it did. Other courts within this circuit employ similar rules, and we have not questioned their application. *See, e.g.*, *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1108 n.1 (10th Cir. 1999); *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 856 (10th Cir. 1999); *O'Toole ex rel. O'Toole v. Olathe Dist. Sch. Unified Sch. Dist. No. 233*, 144 F.3d 692, 709 (10th Cir. 1998); *see also Hagelin for President Comm. of Kan. v. Graves*, 25 F.3d 956, 959 (10th Cir. 1994) (holding, without citation to local rule, that "[b]ecause [defendant] failed to submit any materials contradicting plaintiffs' statement of facts in support of their motion for summary judgment, these facts are deemed admitted"). Furthermore, other circuits have held that a party who fails to respond to a summary judgment motion waives the right to contest the facts asserted by the moving party in the motion. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990); *Jaroma v. Massey*, 873 F.2d 17, 20, 21 (1st Cir. 1989). We conclude that the district court did not abuse its discretion in deeming the facts contained in Simon's motion admitted.

D.  The District Court's Grant of Summary Judgment

We turn now to the grant of summary judgment itself.  While its implications are no doubt dire for an opposing party, a district court's decision to deem facts admitted is not the same thing as granting summary judgment.  *See Mitchael*, 179 F.3d at 856 (recognizing distinction under Rule 56).  The district court must still determine, as the rule requires, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "If those facts entitle the moving party to judgment as a matter of law, summary judgment will be granted."  *Jaroma*, 873 F.2d at 21.

Here, immediately after declaring that it would accept Simon's statement of facts, the  district court  granted summary judgment against Mr. Davis.  It did so without offering the legal analysis required by Rule 56(c).  However, Mr. Davis has not challenged this aspect of the court's ruling on appeal.  He has therefore waived any objection to the legal basis for the court's ruling.  *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

E.  An Alternate Interpretation of the District Court's Ruling

We acknowledge that the sanction imposed by the district court could be interpreted differently.

It is possible to construe it not as an admission of facts but rather as a confession of summary judgment itself. Although the district court was careful to deem Simon's statement of facts admitted *before* it granted summary judgment, the court also stated, earlier in its order, that "[c]onfessing a motion for summary judgment is a harsh remedy." Rec. Doc. 25, at 2. This interpretation is bolstered somewhat by the court's failure to conduct any legal analysis in support of its grant of summary judgment. It is further bolstered in light of the motion that was before the court, and which arguably the court granted: Simon sought confession of summary judgment under a local rule specifically authorizing such a remedy as a sanction for a party's failure-to-respond.

Even so, were we to accept such an interpretation we would still affirm the district court's ruling. The severe sanction of dismissal may, under certain circumstances, be an appropriate remedy where a party fails to oppose a summary judgment motion. *D G Shelter Products Co. v. Forest Products Co.*, 769 F.2d 644, 645 (10th Cir. 1985). Reviewed under an abuse of discretion standard, we have focused on three considerations in determining whether such a sanction is improper: (1) the extent of actual prejudice to the moving party; (2) the amount of interference with the judicial process; and (3) the culpability of the party failing to respond. *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988). If these aggravating factors outweigh the courts' "strong predisposition to

resolve cases on their merits," dismissal with prejudice is an appropriate sanction. *Id.*

Having reviewed the district court's order, we cannot say it abused its discretion. Although the court did not explicitly address the factors above, it did so implicitly. First, as the court noted, Mr. Davis bears full culpability; his failure to receive a copy of Simon's motion was attributable "only to his own lack of diligence." Rec. Doc. 25, at 2. Not only did he fail to pay his mail box fee (the record, incidentally, contains no indication that Mr. Davis was unable to pay the fee), he gained access to his mail box with three full days remaining before his response was due. Yet he made no apparent effort to file a response or ask the court for additional time. In addition, we are as unconvinced as the district court by Mr. Davis's attempt to shift blame to Simon for its method of service. Simon, as we observed above, properly served its motion on Mr. Davis under the rules.

The two remaining factors are enveloped by the court's consideration of the certitude of an eventual defense verdict at trial. That Mr. Davis could not in the end prevail was due to his failure to submit a final witness and exhibit list as required by the court's scheduling order, a failure that would cripple his case by preventing him, as the plaintiff, from introducing any evidence and thereby sustain his burden of proof. The inevitability of Mr. Davis's defeat at trial underscores the needless expenditure of resources–time, money, and energy–on

the part of both Simon and the court system had the district court opted for some lesser sanction. In other words, to allow a case to proceed in the face of certain defeat not only would visit actual prejudice on Simon but would also no doubt interfere with the sound-working of the judicial process. Under these circumstances, we will not second guess the district court's decision.

Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge