**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GLENN ALEC JOHNSON,

      Plaintiff - Appellant,

v.

BUREAU OF PRISONS; CINDY
HOWARD, Case Manager, United
States Penitentiary, Leavenworth;
KATHLEEN (NMN) HAWK, Bureau
of Prisons Director; DEBRA
BENNETT; D. CLARK,
Administrative Remedy Coordinator;
K. SCHMIDT, Administrative
Remedy Coordinator;
E.D. CROSLEY, Administrator;
M.L. MALLISHAM, Regional
Director, South Central Region;
M.E. BUDL, Administrative Remedy
Coordinator; L. JENKINS,
Administrative Remedy Coordinator;
W. L. ROAL, Administrative Remedy
Coordinator; P. TRUE, Warden;
R.E. HOLT, Warden;
T. (NMI) JOHNS, Captain, United
States Penitentiary, Leavenworth;
W.C. HENDERSON, Captain, United
States Penitentiary, Beaumont;
D. WHAL, Attorney, United States
Penitentiary, Beaumont;
A. MENDEZ, Lieutenant, United
States Penitentiary, Leavenworth;
B. DAVIS, Officer, United States
Penitentiary, Leavenworth;
(NFN) FINNERTY, Lieutenant,
United States Penitentiary,

No. 01-3179
(D.C. No. 99-CV-3239-KHV)
(D. Kansas)

Leavenworth; CHARLES MILDNER, Lieutenant, United States Penitentiary, Leavenworth; SAMUEL W. KING, Officer, United States Penitentiary, Leavenworth; (NFN) HOFF, Officer, United States Penitentiary, Leavenworth; WILLIAM LINKENFELTSER, Unit Manager, United States Penitentiary, Leavenworth; KENNETH F. ZINK, JR., Counselor, United States Penitentiary, Leavenworth; RICHIE D. SWANSON, Counselor, United States Penitentiary, Leavenworth; J. SIMEON, Lieutenant, United States Penitentiary, Beaumont; B. SMALL, Lieutenant, United States Penitentiary, Beaumont; M. WATKINS, Lieutenant, United States Penitentiary, Beaumont; J.E. THOMAS, Case Manager, United States Penitentiary; Beaumont; E.R. BUSH, Case Manager, United States Penitentiary, Beaumont; (NFN) LOPEZ, Officer, United States Penitentiary, Beaumont; C. CLARK, Case Manager, United States Penitentiary, Beaumont; R.L. CLARK, Lieutenant, United States Penitentiary, Beaumont; B.J. JONES, Counselor, United States Penitentiary, Beaumont; M. SCHULDT, Teacher, United States Penitentiary, Beaumont,

Defendants - Appellees.

## ORDER AND JUDGMENT [*]

Before **LUCERO**, **PORFILIO** and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Glenn A. Johnson, a federal inmate appearing *pro se*, appeals the district court's grant of summary judgment in his civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Johnson's complaint alleged that defendants violated his constitutional rights when they placed him in administrative detention and transferred him from a Kansas to a Texas federal penitentiary. [1] We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Johnson's complaint was initially filed in the District Court for the District of Columbia. That court dismissed numerous defendants because they were not proper defendants in a *Bivens* claim. None of the remaining defendants resided in the District of Columbia. Concluding that venue was therefore improper, the court transferred the case to the District Court for the District of Kansas.

The defendants filed a motion to dismiss or for summary judgment on September 11, 2000. On October 11, 2000, Johnson filed an untimely request for an extension of time to respond. *See* D. Kan. R. 6.1 (a) and (e) (requiring response to summary judgment motion be filed within twenty days of motion's filing date and any request for extension of time be filed within that deadline). The district court granted Johnson a two-month extension, until December 11, 2000. Johnson failed to respond. On February 14, 2001, the district court ordered Johnson to show cause why the defendants' motion should not be granted as unopposed. Johnson again failed to respond by the deadline.

On March 15, 2001, Johnson filed an untimely response and request for an additional extension of time. He claimed that he had been transferred to a different prison facility on October 19, 2000 and transferred again several times thereafter. He stated that, when he finally received his personal property on January 3, 2001, he discovered that his copy of defendants' motion for summary judgment was missing. As a result, he claimed it was impossible to have filed a timely response to the summary judgment motion. He requested an additional extension of time.

The district court denied the extension request. It concluded that Johnson was not entitled to any further extensions of time because he had been transferred in October 2000 and knew his legal materials were missing on January 3, 2001,

but did not request a further extension of time until March 15, 2001. Because Johnson failed to timely seek an extension of time to respond under D. Kan. R. 6.1(a) and (e)(2), the district court treated defendants' summary judgment motion as uncontested pursuant to D. Kan. R. 7.4 (stating that a motion not opposed within the time required will be considered and decided as an uncontested motion). It then ruled that the motion was well-taken on the merits. *See* Fed. R. Civ. P. 56(e) (stating that summary judgment, if appropriate, shall be entered against the adverse party who fails to respond by setting forth specific facts showing that there is a genuine issue for trial).

We review the district court's denial of an extension of time for an abuse of discretion. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998). An abuse of discretion will be found only where the district court makes "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991) (quotations omitted). Johnson has not made this showing. Though he claims he did not receive a copy of the district court's show cause order until February 28, 2001, that fact does not explain why he failed to file a timely request for an additional extension of time before the December 11, 2000 deadline. The district court granted Johnson a very generous two-month extension of time to respond to the summary judgment motion. As early as October 19, 2000, Johnson was aware

that he either lacked access to or did not have a copy of defendants' motion for summary judgment. Yet, during that two-month period, he took no action to explain his predicament to the district court. He then waited three months after the response deadline before requesting an extension of time. Under these circumstances, the district court did not abuse its discretion in denying Johnson's untimely request for an additional extension of time or in finding that defendants' motion for summary judgment was uncontested.

We review the grant of summary judgment de novo, applying the same legal standard used by the district court. *L & M Enter., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) (citation omitted). After careful review of the record, we discern no error in the district court's ruling that the summary judgment motion was well-taken on the merits.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge