**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STEPHEN THOMAS TAYLOR,

    Plaintiff-Appellant,

v.

PESPI-COLA COMPANY; BEVERAGE
PRODUCTS CORPORATION; and
PEPSICO, Inc.,

    Defendants-Appellees.

No. 98-5194

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 97-CV-911-B)**

---

Bill W. Wilkinson (Lawrence W. Zeringue with him on the brief), of Wilkinson Law
Firm, Tulsa, Oklahoma, for Plaintiff-Appellant.

Victor F. Albert (Jason L. Eliot with him on the brief), of McKinney & Stringer, P.C.,
Oklahoma City, Oklahoma, for Defendants-Appellees.

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

    Plaintiff Stephen Thomas Taylor sued his former employer, Pepsi-Cola Company,

Beverage Products Corporation (BPC), and Pepsico, Inc., alleging (1) wrongful

termination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112; (2) wrongful termination under the Oklahoma Workers' Compensation Act, Okla. Stat. tit. 85, § 5; and (3) intentional and/or negligent infliction of emotional distress. The district court concluded as a matter of law that Plaintiff failed to establish that he was qualified to perform the essential functions of the job held or desired under the ADA. The court further concluded that Defendants did not violate the Oklahoma Workers' Compensation Act when they terminated Plaintiff. Finally, the district court concluded that Plaintiff failed to present any facts to support his claim of intentional and/or negligent infliction of emotional distress. Accordingly, the district court granted Defendants' motion for summary judgment. Plaintiff appeals. We exercise jurisdiction under 28 U.S.C. § 1291.

We review the district court's grant of summary judgment de novo applying the same standard as the district court under Fed. R. Civ. P. 56(c). See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.) petition for cert. filed, 67 U.S.L.W. 3733 (May 24, 1999). Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Applying this standard, we affirm.

## I.

The record before us reflects the following: Defendants hired Plaintiff as a conventional Pepsi-Cola route driver in November 1989. As a route driver, Plaintiff drove a delivery truck along a certain route delivering products to customers on that route.

Each day Plaintiff would drive to individual customer locations, unload the product needed to fully stock each customer, and place the product on the customers' shelves. This position required heavy lifting, pushing, and pulling.

On June 28, 1995, while unloading his truck at a customer location, Plaintiff injured his back. Plaintiff had surgery on his lower back to fuse two vertebrae in March 1996. Following his surgery, Plaintiff continued to experience pain and see his doctor. He did not return to work. From August 1995 until July 2, 1996, Plaintiff did not discuss his injury or any related topics with his supervisors at BPC for any reason.

Jim Roth (Roth), BPC's Human Resource Manager, and Kevin Hodgins, Plaintiff's supervisors, attempted to contact Plaintiff by phone on several occasions without success. On May 20, 1996, Roth sent Plaintiff a certified letter asking Plaintiff to contact BPC with information regarding his status. Plaintiff did not claim the letter and it was returned to Roth. On June 17, 1996, Roth sent another certified letter to Plaintiff asking him to contact BPC regarding his status. Plaintiff again did not claim the letter, and it was returned to Roth.

On July 2, 1996, Roth sent a third letter to Plaintiff informing him of his termination effective July 12, 1996 under BPC's "one year rule." Under the one year rule, an employee who did not perform employment services with BPC for over one year could be terminated. Upon receipt of the termination notice, Plaintiff contacted Roth. During their communications, Plaintiff for the first time since July 1995, informed his

3

supervisors of his medical status.

Around July 11, 1996, Plaintiff informed Roth that his doctor believed Plaintiff would not be able to perform his duties as a route truck driver in the future. At that time, Plaintiff discussed with Roth the need for training, accommodation under the ADA, and Plaintiff's desire to remain in Defendants' employ.

At the time of his termination, Plaintiff was unable to return to work in any employment position with Defendants and did not know when he would be physically able to return. Plaintiff could not suggest any reasonable accommodations which would allow him to perform the essential functions of his job. In his deposition, Roth stated that he did not consider a reasonable accommodation for Plaintiff at that time, because he did not know Plaintiff's medical restrictions. Roth stated in an affidavit that the only positions available on July 12, 1996 were those which required qualifications Plaintiff had stated he was unable and would continue to be unable to perform.[1]

On July 17, 1996, Roth sent Plaintiff a fourth letter explaining he had been discharged pursuant to BPC's policy. At the time of his discharge, Plaintiff was on temporary total disability under Oklahoma's workers' compensation law. Defendants

---

[1] The district court noted that Plaintiff is deemed to have admitted Defendants' submitted facts. N.D.LR 56.1(B) requires Plaintiff to present in his summary judgment response brief a concise statement of material facts as to which he contends a genuine issue exists, referring with particularity to those portions of the record upon which he relies. Failure to comply with this rule results in those facts not controverted being deemed admitted. Plaintiff submitted no references to the record to controvert Defendants' submitted facts.

stated the reason for Plaintiff's termination as "job abandonment." On June 2, 1997, approximately ten and one-half months following Plaintiff's discharge, and twenty-three months after his initial injury and ceasing work, Plaintiff's doctor released Plaintiff from his care with permanent performance restrictions.

The district court granted Defendants' motion for summary judgment. As to Plaintiff's ADA claim, the district court found that Plaintiff's request for additional medical leave following one year of medical leave was not required as a reasonable accommodation under the ADA. Further, the district court found no merit in Plaintiff's claim that Defendants had an obligation under the ADA to retrain Plaintiff for another unnamed position when they could not ascertain what job he would be capable of performing. The district court also granted summary judgment for Defendants with respect to Plaintiff's workers' compensation claim. The court found that Defendants were entitled to terminate Plaintiff even though he was on temporary total disability. Finally, the district court granted summary judgment for Defendants on Plaintiff's intentional and/or negligent infliction of emotional distress claim because the undisputed facts did not support Plaintiff's claim that Defendants engaged in extreme and outrageous conduct.

## II. ADA

The ADA prohibits employers from discriminating against individuals on the basis of disability. 42 U.S.C. § 12112(a). The burden shifting analysis established in

5

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) applies to ADA claims. See

Hardy v. S.F. Phosphates Ltd. Co., 185 F.3d 1076, 1079 (10th Cir. 1999). Under that

analysis, Plaintiff carries the burden of raising a genuine issue of material fact on each

element of his prima facie case. If Plaintiff establishes a prima facie case, the burden

shifts to Defendants to offer a legitimate nondiscriminatory reason for its employment

decision. Id. If Defendants articulate a nondiscriminatory reason, the burden shifts back

to Plaintiff to show a genuine issue of material fact as to whether Defendants' reason for

the discharge is pretextual. Id. at 1079-1080. The district court found as a matter of law

that Plaintiff failed to establish his prima facie case.

To prevail on an ADA discrimination claim, a plaintiff must establish that: (1) he

is a disabled person as defined by the ADA; (2) he is qualified, with or without

reasonable accommodation, to perform the essential functions of the job held or desired;

and (3) the employer discriminated against him because of the disability. Butler v. City of

Prairie Village, 172 F.3d 736, 748 (10th Cir. 1999); see also Hardy, 185 F.3d at 1080 n.2.

A qualified individual with a disability is "an individual with a disability who, with or

without reasonable accommodation, can perform the essential functions of the

employment position that such individual holds or desires." 42 U.S.C. § 12111(8). For

purposes of this appeal, Defendants concede that Plaintiff was a disabled person as

defined by the ADA. Defendants argue, however, that Plaintiff has failed to establish that

he was qualified, with or without reasonable accommodation, to perform the essential

functions of the job held or desired.

At the time of his termination, Plaintiff acknowledges he could not perform the functions of his job as a conventional route carrier. Plaintiff has attempted to establish that he is a "qualified" individual by arguing that he was entitled to two different accommodations. First, Plaintiff claims Defendants should have provided him with additional recovery time as an accommodation. Second, Plaintiff argues he was entitled to the accommodation of reassignment to a vacant position.

## A. Additional Recovery Time

Plaintiff argues that Defendants were required to provide him with additional recovery time of unspecified duration as an accommodation. "An allowance of time for medical care or treatment may constitute a reasonable accommodation." Rascon v. U.S. West Communications, Inc., 143 F.3d 1324, 1333-34 (10th Cir. 1998). In Rascon, we qualified this statement, however: "[A]n indefinite unpaid leave is not a reasonable accommodation where the plaintiff fails to present evidence of the expected duration of her impairment." See also Hudson v. MCI Telecommunications Corp., 87 F.3d 1167 (10th Cir. 1996) (holding that unpaid leave of indefinite duration was not a reasonable accommodation where plaintiff failed to present any evidence of the expected duration of her impairment or prognosis).

The district court properly concluded that an indefinite period of medical leave is not a reasonable accommodation in this case. As in Hudson, Plaintiff failed to present

evidence of the expected duration of his impairment. At the time Defendant terminated him, Plaintiff had already been on leave for medical treatment for more than one year. Plaintiff's doctor did not release him to return to work, subject to substantial restrictions, until June 2, 1997. Plaintiff would have required ten and one-half months combined with and following a one year medical leave. Such an accommodation is not reasonable, particularly when Plaintiff had already advised Defendants he would <u>never</u> be able to return to his former position and could <u>not</u> advise when and under what conditions he could return to any work.

## B. Reassignment

Plaintiff also argues he was entitled to reassignment to a vacant position as an accommodation. We have held that a reasonable accommodation may include reassignment to a vacant position if the employee is qualified for the job and it does not impose an undue burden on the employer. <u>Smith v. Midland Brake, Inc.</u>, 180 F.3d 1154, 1169 (10th Cir. 1999) (en banc).

In <u>Smith</u>, we addressed the specific case of an ADA claim for failure to accommodate by offering reassignment to a vacant position. <u>Id.</u> at 1179. We held the employee must establish that: (1) he is a disabled person within the meaning of the ADA; (2) the preferred option of accommodation within the employee's existing job cannot be reasonably accomplished; (3) the employee requested accommodation by reassignment, which the employee may identify or which the employee may request the employer to

identify through an interactive process; (4) the employee was qualified to perform the vacant job; and (5) the employee suffered injury. Id. at 1179. Plaintiff in this case failed to establish that he was qualified to perform the vacant job under the fourth element of the prima facie case. Because Plaintiff has not shown he was qualified to perform a vacant job, we need not address the first three elements of the prima facie case.

To survive summary judgment, Plaintiff must establish that he was qualified to perform an appropriate vacant job which he must specifically identify and show was available within the company at or about the time he requested reassignment. Smith, 180 F.3d at 1179. Plaintiff specifies no such vacant jobs within Defendants' company. The record indicates that Defendants had four vacant positions at the time they terminated Plaintiff. Each position required physical duties that Plaintiff admits he was unable to perform. Because Plaintiff was unable to perform any of the vacant jobs, reassignment to a vacant position was not a reasonable accommodation. Plaintiff was unable to perform any work when Defendants terminated him; Plaintiff, therefore, was not a "qualified" individual under the ADA.[2]

III. Workers' Compensation

---

[2] Defendants filed a motion to strike sections of Plaintiff's reply brief. The matter was referred to the merits panel. Defendants claim that Plaintiff raises a new argument for the first time in his reply brief. The argument relates to whether Defendants' stated reason for terminating Plaintiff was pretextual. Because we hold Plaintiff failed to establish his prima facie ADA case, the issue of whether Defendants' nondiscriminatory reason for terminating Plaintiff was a pretext is irrelevant. The motion is DENIED.

Plaintiff also claims that Defendants violated § 5(A)(2) of the Oklahoma Workers' Compensation Act by terminating him while he was receiving temporary total disability benefits. Section 5(A)(2) of the Oklahoma Workers' Compensation Act provides, "No person, firm, partnership or corporation may discharge an employee during a period of temporary total disability solely on the basis of absence from work." Okla. Stat. tit. 85, § 5(A)(2). However, § 5(B) states, "No employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties. The failure of an employer to rehire or retain any such employee shall in no manner be deemed a violation of this section." Id. § 5(B).

We recently construed the interaction of §§ 5(A)(2) and 5(B) in Wiles v. Michelin North America, Inc., 173 F.3d 1297 (10th Cir. 1999). In Wiles, we concluded that pursuant to § 5, "an employer may not discharge an employee during a period of temporary total disability solely because of the employee's absence from work. An employer may, however, discharge an employee during a period of temporary total disability because the employee cannot perform his assigned job duties." Id. at 1304.

The record indicates that Defendants terminated Plaintiff because he was physically unable to perform his job. Plaintiff, while remaining on temporary total disability, advised Defendants he would never be able to return to his route driving job, and Plaintiff's doctor subsequently confirmed this. Accordingly, Plaintiff did not establish that Defendants terminated him solely on the basis of absence from work in

10

violation of the Oklahoma Workers' Compensation Act.

IV. Intentional and/or Negligent Infliction of Emotional Distress

Plaintiff argues Defendants committed intentional and/or negligent infliction of emotional distress because they intentionally violated the laws and public policy of Oklahoma. Oklahoma does not recognize a separate tort for negligent infliction of emotional distress but does recognize the tort of intentional infliction of emotional distress (IIED). See Gaylord Entertainment Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). Consequently, Plaintiff must establish the elements of IIED: (1) Defendants acted intentionally or recklessly; (2) Defendants' conduct was extreme and outrageous; (3) Plaintiff actually experienced emotional distress; and (4) Plaintiff's emotional distress was severe. See id. at 149 n.92 (quoting Restatement (Second) of Torts § 46). Plaintiff must show Defendants' conduct exceeded "all possible bounds of decency" or was "utterly intolerable in a civilized community." Id. at 149 n.93 (quoting Eddy v. Brown, 715 P.2d 74, 76 (Okla. 1986)). Plaintiff points to no facts in the record to support his claim that Defendants engaged in outrageous and extreme conduct. Therefore, Plaintiff did not establish a claim for IIED.

AFFIRMED.

11