**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

IRIS P. THOMPSON,

   Plaintiff-Appellant,

v.

THE FIRESTONE TIRE & RUBBER
COMPANY, d/b/a Dayton/Firestone
Tire & Rubber Co.,

   Defendant-Appellee.

No. 99-6100
(D.C. No. 98-CV-163)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.


   After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Iris P. Thompson sued defendant Bridgestone/Firestone, Inc.[1] (Firestone), her former employer, under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Oklahoma Workers' Compensation retaliation statute, Okla. Stat. tit. 85, § 5. She alleged that she was wrongfully terminated in retaliation for having filed a workers' compensation claim and because of a perceived disability after sustaining an on-the-job injury to her left arm, left shoulder, and neck. Defendant claimed that it laid plaintiff off because she could no longer perform her assigned job of tire sorter, because it was not obligated to reassign her to another job, and because, even if it was so obligated, there were no other jobs at the plant that she could perform with her medical restrictions. Plaintiff conceded her ADA claim, and the district court granted summary judgment in favor of defendant on her claim of workers' compensation retaliation. Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291.

We review the grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). See Taylor v. Pepsi-Cola Co., 196 F.3d 1106, 1108 (10th Cir. Nov. 12, 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Bridgestone/Firestone, Inc. is the correct name of the company designated in the caption as Firestone Tire & Rubber Company.

-2-

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, plaintiff argues that she established a prima facie case of workers' compensation retaliatory discharge and produced sufficient evidence from which it could be inferred that defendant's explanation for her layoff was unworthy of credence. She argued that there were four jobs at Firestone that she could perform with her medical restrictions: mold cleaner, tire inspector, compounder, and material recovery.

The uncontroverted evidence shows that plaintiff's doctor required her permanently to avoid vibratory motion, repetitive motion of her arms and cervical spine, lifting more than thirty-five pounds, and work at or above shoulder level. See Appellant's App. at 114-15, 144-45, 155, 159, 436-37. Defendant produced evidence showing that all four of the jobs plaintiff enumerated included tasks that would violate one or more of her medical restrictions. See id. at 435, 437-38 ¶ 14 (mold cleaner), 438 ¶ 15 (tire inspector), 438 ¶ 16 (compounder), 438 ¶ 17 (material recovery). Plaintiff has failed to point to any evidence tending to show that she could perform any of these four jobs. Thus, plaintiff has raised no genuine issue of fact that defendant's reason for laying her off was a pretext for retaliation, and defendant was entitled to a summary judgment.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge