F I L E D
United States Court of Appeals
Tenth Circuit

MAY 16 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RALPH SPRAGGS,

      Plaintiff-Appellant,

v.

SUN OIL COMPANY, a corporation
in the State of Delaware,

      Defendant-Appellee.

No. 97-5194
(D.C. No. 96-CV-275)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ralph Spraggs appeals from a district court order granting summary judgment in favor of defendant Sun Oil Company (Sun Oil) in this employment discrimination action under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* On de novo review, *see Siemon v. AT&T Corp.*, 117 F.3d 1173, 1175 (10th Cir. 1997), we affirm, though in one respect for a different reason than that stated by the district court, *see Stat-Tech Int'l Corp. v. Delutes (In re Stat-Tech Int'l Corp.)*, 47 F.3d 1054, 1057 (10th Cir. 1995) ("[W]e are free to affirm a grant of summary judgment on grounds different than those used by the district court if the record is sufficient to support such ground.").

Plaintiff was a longtime employee of Sun Oil, performing various tasks over the years. In 1988, he became the locksmith at Sun Oil's Tulsa Oklahoma refinery. In this capacity, he repaired and built "Best Locks" and other file and cabinet locks, worked on radios, security cards, lockout/tagout systems, security and safety orientation, and video production, and served on the fire brigade.

In 1992, Sun Oil began a reorganization. By the end of 1993, over a hundred employees had been dismissed and a third of the refinery shut down. Because of these measures, Sun Oil's manager of health, safety and security believed there would be fewer locks and radios to maintain. In addition, Sun Oil decided to partially adopt use of a different type of lock for the lockout/tagout

system, expected to result in less locksmith work as well. Sun Oil decided to redistribute plaintiff's duties among other employees and, in November 1993, reassigned him to a job at its Lube Service Center Warehouse on the "pick line," a night shift position for less pay. The new job required him to lift and move pallets to provide products for Sun Oil's customers. In late December 1993, he was injured while moving a pallet. As a result, he went on short term disability leave from January 24 until mid-August 1994. In the interim, he had surgery on his neck to repair the injury.

On August 1, 1994, plaintiff was released by his surgeon, Dr. Letcher, to full-time, unrestricted activity. A week later, however, Sun Oil's physician, Dr. Campbell, signed a return to work slip imposing restrictions of no climbing, no lifting over fifteen to twenty pounds, limited neck extension, and the ability to alternate sitting and standing. On August 15, 1994, plaintiff returned to work at the Lube Service Center as a spout packer, but ceased working due to pain within three days. At that time, Dr. Campbell indicated he would not be released to work until further notice.

On December 8, 1994, Dr. Campbell released plaintiff to work with a twenty-five pound limit on lifting, pushing and pulling, no ladder climbing, and use of stairs with handrails and walkways only. These restrictions were expected to remain in effect for three months. Plaintiff returned to the Lube Service Center

as a barrel filler. In mid-March 1995, Dr. Campbell continued the prior work restrictions and, two weeks later, plaintiff went back on disability leave.

Finally, on October 23, 1995, Dr. Campbell again released plaintiff to work, this time limiting him to work "he can do that he has complete control [over] and does not require any bending or lifting and he can take breaks when needed." Absent such a job, Dr. Campbell granted medium term disability. Plaintiff never returned to work. He was terminated in July of 1996, pursuant to company leave policy, because he did not qualify for long term disability.

### ADA Claim

To establish a prima facie case of discrimination under the ADA, plaintiff had to show (1) he is disabled within the meaning of the ADA, (2) he is qualified, i.e., able to perform, with or without reasonable accommodation (which he must describe), the essential functions of the job, and (3) his employer terminated him due to the disability. *See Pack v. Kmart Corp*, 166 F.3d 1300, 1303 (10th Cir. 1999). The district court granted summary judgment for Sun Oil, because, it held, plaintiff had not demonstrated a triable issue as to the existence of any disability and, therefore, had failed to establish the first prong of a prima facie case.

For present purposes, the term "disability" denotes a physical impairment substantially limiting one or more major life activities. *See* 42 U.S.C. § 12102(2) (defining "disability"). "Major life activities" include basic functions such as

-4-

seeing, hearing, sitting, standing, walking, lifting, and reaching, as well as the broader activity of working. *See Pack*, 166 F.3d at 1304. Indeed, the former are clearly differentiated from the latter in sequence and substance of analysis. *See Davoll v. Webb*, 194 F.3d 1116, 1135 & n.12 (10th Cir. 1999) (noting functional activities are analyzed first, and if no substantial limitation is found as to these, inquiry proceeds to work limitations, which implicate an additional set of factors to be considered).

Plaintiff does not claim he is disabled with respect to work, but in his basic abilities to lift, stoop, bend, and stand in one place for an extended period. To demonstrate a substantial limitation regarding such activities, he must show he is either unable to perform them or is "significantly restricted as to the condition, manner, or duration under which [he] can perform [them] as compared to the condition, manner, or duration under which the average person in the general population can perform [them]." *Pack*, 166 F.3d at 1305 (quoting 29 C.F.R. § 1630.2(j)(1)). Three factors inform this assessment: "(1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent long term impact, or the expected long term impact of or resulting from the impairment" *Id.* (citing 29 C.F.R. § 1630.2(j)(2)). These must be considered on an individualized, case-by-case basis. *See id.* at 1304.

The district court did not assess plaintiff's alleged disability in accordance with the above authorities. Instead, it focused on plaintiff's ability to work, concluding that he was not disabled "because his impairment does not prevent him from performing a class of jobs or a broad range of jobs in various classes." District Court Order at 15-18 (applying regulations and case law addressing work limitations). In keeping with the sequential analysis explained in *Davoll*, 194 F.3d 1135 & n.12, if plaintiff demonstrated a substantial limitation on a major life activity of the functional sort he asserted, it would have been error for the district court to reject his ADA claim on the basis of factors relevant only to work impairments. *See Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1173-74 (10th Cir. 1996) (reversing summary judgment for defendant where plaintiff had shown genuine issue of material fact regarding substantial limitation on major life activity of lifting, and noting it was "unnecessary to consider the additional factors [for work limitations] relied upon by the district court [to deny existence of disability]").

We need not decide whether plaintiff's functional impairments constitute a disability, however, as there is another dispositive deficiency in his ADA claim, regarding accommodation, which has been addressed by the parties and is conclusively established on our record. Plaintiff contends Sun Oil should have accommodated his impairments by (1) reassigning him back to his position as

-6-

locksmith, (2) modifying his job at the Lube Service Center to enable him to work there, or (3) reassigning him to another, vacant position. Because, as explained below, plaintiff has failed to demonstrate a triable issue as to whether any of these options were possible or required, the entry of summary judgment for Sun Oil was proper. *See White v. York Int'l Corp.*, 45 F.3d 357, 361-63 (10th Cir. 1995).

Plaintiff's first suggested accommodation, involving a return to a position which no longer exists and to duties which other employees now perform, clearly fails as a matter of law. Reassignment may be a required accommodation under the ADA. *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1167 (10th Cir. 1999). However, "[i]t is not reasonable to require an employer to create a new job for the purpose of reassigning an employee" and, thus, "[r]eassignment is limited to *existing* jobs within the company." *Id.* at 1174 (emphasis added); *see Terrell v. USAir*, 132 F.3d 621, 626 (11th Cir. 1998) (holding employer cannot be required to re-create position that no longer exists). Further, "it is not reasonable to require an employer to bump another employee in order to reassign a disabled employee" and, thus, the obligation to reassign can apply only to duties of "a *vacant* position." *Smith*, 180 F.3d at 1174-75 (emphasis added).

The second suggested accommodation, which plaintiff mentions only in passing, relates to modification of his duties at the Lube Service Center. This

argument, if indeed it is one, [1] fails for lack of substantiation. Plaintiff insists he cannot perform such duties for a host of reasons, including his lifting and bending limitations, inability to stand for extended periods, and need to control work pace. *See* Opening Br. of Plaintiff-Appellant at 12-15, 23-24. Yet he states he might have stayed at the Lube Service Center had Sun Oil "allow[ed] him to have more assistance at work." *Id.* at 27. This conclusory assertion--with no description of the assistance involved, *see Pack*, 166 F.3d at 1304--cannot satisfy plaintiff's burden to show an effective accommodation was possible. *See White*, 45 F.3d at 362-63 (holding "bald conclusion" that plaintiff could perform job "with reasonable accommodation" insufficient to defeat summary judgment); *Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000) ("The burden of persuasion on the existence of an effective accommodation is not satisfied with mere speculation." (quotations omitted)).

Finally, as for reassignment generally, "[t]o survive summary judgment, Plaintiff must establish that he was qualified to preform an appropriate vacant job which he must specifically identify and show was available within the company at or about the time he requested reassignment." *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1110 (10th Cir. 1999) (citing *Smith*, 180 F.3d at 1179). In this regard,

---

[1] "Scattered statements" or "perfunctory complaints" may well "fail to frame and develop an issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

plaintiff relies on the affidavit of former co-worker Buster Genson, who stated there had been openings in the following positions: unit mechanic, maintenance equipment operator, lab technician, and crude oil truck driver. However, the affidavit of Sun Oil human resource manager Robert Schaefer stated these jobs all entailed physical requirements precluded by plaintiff's asserted limitations. With respect to crude oil truck drivers--the only position for which plaintiff makes any effort to argue his qualifications--Schaefer stated such drivers lift, carry and push hoses and other items weighing in excess of twenty-five pounds, stoop, bend and climb onto the top of tanks and trucks, and cannot set their own pace to perform their duties. In opposition, plaintiff refers the court to his own affidavit, which states it would be easy to set his own pace as a truck driver, but does not dispute any of the other disqualifications noted by Mr. Schaefer. Hence, it remains uncontroverted on our record that "[e]ach position required physical duties that Plaintiff admits he was unable to perform," and, therefore, summary judgment on the ground that "reassignment to a vacant position was not a reasonable accommodation" is proper. *Id.* at 1110-11.

**ADEA Claim**

The district court fashioned a prima facie case model appropriate to this somewhat unusual ADEA discriminatory reassignment/reduction-in-force context, requiring plaintiff to "(1) prove that he was within the protected age group; (2) prove that he was doing satisfactory work; (3) prove that adverse employment action was taken against him; and (4) produce evidence from which a fact finder might reasonably conclude Sun intended to discriminate in reaching the decision to reassign Plaintiff's former duties." District Court Order at 20. *See generally Jones v. Denver Post Corp.*, 203 F.3d 748, 753 (Feb. 10, 2000) (prima facie case of discriminatory demotion where job from which plaintiff was demoted was not eliminated); *Stone v. Autoliv ASP, Inc.*, 2000 WL 368522 at *4 (10th Cir. April 11, 2000) (prima facie case for discriminatory discharge in context of reduction in force). The district court held plaintiff made this prima facie showing, which Sun Oil does not dispute on appeal. The court went on to conclude, however, that Sun Oil had demonstrated legitimate, nondiscriminatory reasons for redistributing the duties constituting the locksmith position, justifying plaintiff's assignment to the Lube Service Center, and that plaintiff had failed to raise a genuine issue of fact as to whether this justification was pretextual. Accordingly, the court entered summary judgment for Sun Oil on plaintiff's ADEA claim. *See Jones*, 203 F.3d at 753-54.

The reasons articulated by Sun Oil for eliminating the locksmith job as a separate position were its ongoing effort to downsize the workforce at the refinery, its belief that the various duties performed by the locksmith could be incorporated into the duties of other employees, and its intent to switch, at least partially, the lock system used at the refinery. Indeed, these reasons were not just articulated, but factually substantiated, by Sun Oil in its summary judgment submission.

Plaintiff bears the burden of demonstrating that these proffered reasons are pretextual. *See id.* at 753. We agree with the district court that the arguments he advances in this regard lack merit. We specifically note and reject his contention that he was "replaced" by the younger individuals among whom his duties were distributed, so as to give rise to an inference of age discrimination. The locksmith position was *eliminated* based on the judgment that it was no longer necessary; plaintiff was not replaced in that position: "[Plaintiff] disputes the fact that his position was eliminated because his . . . responsibilities were still performed after his [reassignment]. However, the test for position elimination is not whether the responsibilities were still performed, but rather whether the responsibilities still constituted a single, distinct position." *Furr v. Seagate Technology, Inc.*, 82 F.3d 980, 988 (10th Cir. 1996); *see also Tinker v. Sears, Roebuck & Co.*, 127 F.3d 519, 522 (6th Cir. 1997) ("a person is not replaced

when another current employee assumes [his] duties . . ., or where [his] work is redistributed among employees already performing related tasks").

In sum, the record reflects an employer's legitimate business decision regarding the elimination of a position. Plaintiff's criticisms of that decision do not render it unworthy of belief; at most they challenge the employer's wisdom, which is beyond our purview here. *See Furr*, 82 F.3d at 986 ("The ADEA is not a vehicle for reviewing the propriety of business decisions."). Accordingly, we affirm the grant of summary judgment on plaintiff's ADEA claim for substantially the reasons stated by the district court. *See Jones*, 203 F.3d at 754.

The judgment of the district court is AFFIRMED. Appellee's motion to strike portions of appellants' appendix is denied.

Entered for the Court

Mary Beck Briscoe
Circuit Judge