**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT J. MERRELL,

      Plaintiff-Appellant,

v.

ICEE-USA CORPORATION,

      Defendant-Appellee.

No. 99-4173
(District of Utah)
(D.C. No. 98-CV-229-K)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, Circuit Judges, and **KANE**,[**] District Judge.

I. INTRODUCTION

      Plaintiff Robert J. Merrell injured his back while employed by ICEE-USA,

Inc. ("ICEE"). Merrell filed suit against ICEE under the Americans with

Disabilities Act ("ADA"), claiming ICEE failed to accommodate him in his job.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable John L. Kane, Jr., Sr. District Judge, United States District Court for the District of Colorado, sitting by designation.

The district court granted ICEE summary judgment, holding Merrell failed to establish that he was able to perform the essential functions of his position with or without reasonable accommodation. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

II. BACKGROUND

ICEE supplies and services carbonated beverage machinery. In 1985, Merrell began working for ICEE in its Salt Lake City distribution facility, which services parts of Utah, Idaho, and Wyoming. Merrell began his employment with ICEE as a combination route delivery person and service technician. From 1986 until 1991, he managed the three-state service area. In 1991, Merrell was demoted to service technician. In June 1996, Merrell was promoted to service representative, a position he held until he left ICEE. As service representative, Merrell managed the service area, delegated work responsibilities, installed and repaired equipment, and engaged in other administrative tasks such as ordering and receiving. During Merrell's tenure as service representative, he continued to maintain equipment and service accounts in the three-state service area.

In March or April 1993, while making a delivery in Idaho, Merrell injured his back lifting the rear door of his ICEE truck. He continued to work and did not seek medical treatment until 1995. Merrell's doctor determined that Merrell had a

-2-

herniated disk in his lower back and restricted him to lifting a maximum of forty pounds with no repetitive bending, stooping, or squatting.

On July 17, 1996, Merrell submitted a written report of his injury with ICEE. ICEE filed its first injury report on Merrell's accident on August 8, 1996. Later that month, Merrell notified ICEE of the restrictions placed on him by his physician.

On October 24, 1996, Merrell refused to make a service call to Idaho due to extreme back pain. Merrell informed his supervisor, Richard Borland, that he could not work that day and that he needed to see a doctor. Merrell remained under the care of a doctor throughout the calendar year. By January 1997, a physical therapist recommended that the maximum weight Merrell lift be reduced from forty to thirty-five pounds.

At the end of December 1996, Merrell requested information on "limited duty work" availability and accommodation with his position at the Salt Lake City facility. On January 8, 1997, ICEE offered Merrell a temporary position in Ontario, California, which Merrell rejected. In February, Merrell again requested work accommodation for his Salt Lake City position.

Merrell sent a formal letter of resignation to ICEE in June 1997. In March 1998, Merrell filed an action against ICEE in federal district court, alleging that ICEE violated the ADA by failing to accommodate him in his job.

In February 1999, ICEE moved for summary judgment. The district court ruled in favor of ICEE, holding that Merrell was unable to establish that he is qualified and able to perform the essential functions of his job with or without reasonable accommodations. Merrell raises three issues on appeal. First, he argues the district court erred in granting ICEE summary judgment because there was evidence showing the essential functions of Merrell's position were disputed and there was evidence presented that he could perform the essential functions with or without accommodation. Second, Merrell argues the district court erred by granting summary judgment because evidence revealed that ICEE denied his 1994 request for a leave of absence to seek medical treatment and to recover. Third, Merrell argues the district court erred by granting summary judgment because a reasonable fact finder could conclude that ICEE's participation in the interactive process was not in good faith.

III. DISCUSSION

The district court's grant of summary judgment is reviewed *de novo*. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). This court examines the record to determine if there is a genuine issue of material fact in dispute, viewing the facts and inferences drawn therefrom in the light most favorable to the nonmoving party. *See id.* Summary judgment is proper if no

reasonable jury could return a verdict for the nonmoving party based on the admissible evidence. *See id.*

Establishing a prima facie case under the ADA requires Merrell to show: 1) he is disabled under the meaning of the ADA; 2) he is qualified to perform the essential functions of his job, with or without reasonable accommodation; and 3) ICEE terminated him under circumstances giving rise to an inference of disability-based discrimination. *See Hardy v. S.F. Phosphates Ltd.*, 185 F.3d 1076, 1079 n.2 (10th Cir. 1999).

The only element of the prima facie case at issue on appeal is whether Merrell is qualified to perform the essential functions of the service representative job. In reviewing the district court's grant of summary judgment, this court must determine whether genuine issues of material fact exist as to whether Merrell could perform the essential functions of the service representative position with or without reasonable accommodation.

Assuming, without deciding, that Merrell qualifies as "disabled" under the ADA, this court must apply a two-part test to determine whether he is a qualified individual under the ADA for the purposes of the service representative position. *See Hudson v. MCI Telecomm. Corp.*, 87 F.3d 1167, 1168 (10th Cir. 1996). First, this court must determine whether Merrell could perform the essential functions of the service representative job. *See id.* Second, if this court concludes Merrell

cannot perform the essential functions of the job, we must determine whether a reasonable accommodation by ICEE would enable him to perform the functions. *See id.*

In granting ICEE's motion for summary judgment, the district court determined that Merrell failed to establish that he is qualified and able to perform the essential functions of his position. The district court found that Merrell's job consisted of delivering products, installing machinery, and maintaining equipment, most of which weighed more than forty pounds. Further, the district court found that the only accommodation which would enable Merrell to perform his job would require a second employee to ride with him in order to do the lifting. Thus, the district court determined there were no reasonable accommodations for Merrell's position at the Salt Lake City facility. This court agrees with the district court.

Merrell's responsibilities as service representative include servicing accounts and maintaining equipment. Servicing an account requires lifting ICEE products, many of which weigh more than Merrell's physician-imposed lifting limit. Maintaining equipment includes changing a compressor, which weighs seventy pounds. Notably, this is the activity Merrell could not undertake the day he was unable to work in October 1996. Further, Merrell's own physical therapist

described Merrell's work as including heavy lifting and frequent sitting, bending, and stooping.

In his brief, Merrell claims the reason he was engaging in heavy lifting in his position as service manager is because ICEE intentionally understaffed the Salt Lake City facility. He argues the intentional understaffing required him to perform activities that were not essential functions of his position, such as delivering products and servicing accounts, both of which require frequent heavy lifting. The admissible evidence offered by Merrell, however, does not create a material issue of fact on the understaffing question.

Merrell relies specifically on two pieces of evidence in support of his understaffing claim. He relies on a document titled "Alerts and Tasks Logs," which allegedly lists the Salt Lake City ICEE employees from December 1996 to November 1997 by company identification number. This evidence, however, is wholly lacking in foundation.

Merrell also relies on his affidavit in which he suggests that ICEE intentionally understaffed the Salt Lake City facility. Merrell's own deposition, however, in which he acknowledged Borland was trying to hire a route delivery person during Merrell's tenure as service representative, contradicts the

subsequent affidavit.[1]  This court must disregard an affidavit that contradicts earlier sworn testimony if it constitutes an attempt to create a sham issue of fact. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1224 n.2 (10th Cir. 2000).  Merrell's affidavit does just that.  Thus, this court must disregard the later, contradictory statement in his affidavit.

Merrell has not created a genuine issue of material fact as to the essential functions of the service representative position.  Because of the restrictions placed upon him by his physician, this court concludes Merrell is not capable of performing the essential functions of his position.

This court must determine next whether a reasonable accommodation would enable Merrell to perform the essential functions of his service representative position.  In his opening brief, Merrell asks this court to examine two separate periods of time to determine whether ICEE could have reasonably accommodated him: the time covering Merrell's tenure as service representative and the time in 1994 when he allegedly requested a leave of absence from work to seek medical treatment.  In his reply brief, Merrell argues that this court should also look at the entire period of time from 1995 through October 1996.  An issue raised for the

---

[1]In his reply brief, Merrell argues ICEE waived its right to challenge the contradictory affidavit because it did not object to it in district court.  While not raising a formal objection to the affidavit, ICEE's reply memorandum in support of its motion for summary judgment specifically points out the contradiction in Merrell's deposition and affidavit regarding ICEE's alleged understaffing.

first time in a reply brief, however, is waived. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1554 n.6 (10th Cir. 1992). Although Merrell makes one comment in his opening brief in which he indicates that he was denied accommodations throughout this entire period, he fails to provide proper legal or factual support for his claim. *See United States v. Callwood*, 66 F.3d 1110, 1115 n.6 (10th Cir. 1995) ("A litigant who mentions a point in passing but fails to press it by supporting it with pertinent authority forfeits the point." (quotation omitted)). Thus, this court will not review the alleged failure of ICEE to accommodate Merrell during the entire time period.

This court can quickly dispose of Merrell's claim that ICEE denied his 1994 request for leave to seek medical treatment. In his deposition, Merrell reveals that he did not ask for time off work until at least 1995. In his subsequent affidavit, however, he claims he requested time off in 1994. In accordance with *Kendrick*, this court disregards the inconsistent affidavit statements. *See* 220 F.3d at 1224 n.2. Accordingly, no genuine issue of material fact exists as to this claim.

Merrell concedes that the service representative position requires occasional heavy lifting, but he maintains that reasonable accommodation would allow him to perform his job. Merrell argues that ICEE should have accommodated him in three significant ways.

First, Merrell claims ICEE should have given him time off to see a doctor after he experienced severe back pain in October 1996. Because Merrell does not provide sufficient evidence to raise a genuine issue of material fact about whether ICEE fired him in October 1996, the months following Merrell's last day of work must be viewed as a leave of absence. Moreover, correspondence between ICEE and Merrell from October 1996 through February 1997 strongly indicates that both parties believed Merrell was on a leave of absence beginning on October 24, 1996. Accordingly, Merrell has not shown that ICEE failed to accommodate him by refusing his request for time off in October 1996.

Second, Merrell claims ICEE should have filled the vacant service technician position, thereby allowing him to perform only the essential functions of his job as service representative, which require only occasional lifting. This claim presumes without any substantiation, however, that Merrell's essential job functions would have changed as a result of hiring another employee. Thus, Merrell has failed to raise a genuine issue of material fact as to this claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation..., but must set forth specific facts showing that there is a genuine issue for trial.")

Third, Merrell claims ICEE should have provided him with assistance in the occasional heavy lifting required of his position. Because this court concludes that Merrell's service representative position requires heavy lifting, the only accommodation that would enable him to perform his job would require another employee to accompany him on most servicing calls. Contrary to Merrell's assertion, this is an unreasonable accommodation as a matter of law because it creates an undue burden on ICEE. *See Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1110 (10th Cir. 1999).

At oral argument, Merrell indicated he only needed temporary assistance with lifting until his back healed. This is consistent, however, with ICEE's offer of temporary employment in Ontario, California, which Merrell rejected. It was not possible for ICEE to accommodate Merrell at its Salt Lake City facility without imposing an undue burden on it, especially in light of the doctor's long-term, if not permanent, limitations placed upon Merrell.

This court agrees with the district court that there were no reasonable accommodations for Merrell at ICEE's Salt Lake City facility. Because Merrell cannot show that a reasonable accommodation was possible, this court does not need to examine whether ICEE acted in good faith in the interactive process. *See generally Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1174 (10th Cir. 1999) (en banc) (discussing interactive process).

IV. CONCLUSION

This court concludes no reasonable jury could return a verdict for Merrell based on the admissible evidence. Thus, the district court's grant of summary judgment in favor of ICEE is AFFIRMED.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge