ORDER AND JUDGMENT *
EBEL, Circuit Judge.
After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.
Plaintiff Ramon Mendez appeals from the district court’s grant of summary judgment, in accordance with a local rule, because of his failure to respond to defendants’ summary judgment motion, and from the court’s denial of his motion for reconsideration. For the reasons stated below, we affirm.
Plaintiff brought this action against defendants under 42 U.S.C. § 1983 and state law alleging violation of his constitutional rights to be free from false arrest and from cruel and unusual punishment and alleging assault and battery. [1] On January 3, 2000, defendants moved for summary judgment on several grounds. Although plaintiff subsequently filed witness and exhibit lists in preparation for trial, he never filed a response to the summary judgment motion. On February 9, the district court issued an order noting that more than eighteen days had passed since defendants filed their motion and that plaintiff had failed to respond. Citing Local Rule 7.1(e), which provides that a motion not opposed within eighteen days may be deemed confessed,[2] the district court “in its discretion *786 deem[ed] the Defendants’ Motion to be confessed,” and granted summary judgment to defendants. Appellant’s App. at 41. The court further ordered that its ruling “[would] be reconsidered only in accordance with Rule 60(b), Fed.R.Civ.Pro. and Hancock v. City of Oklahoma City, 857 F.2d 1394, 1396 (10th Cir.1988); Meade v. Grubbs, 841 F.2d 1512, 1520-1522 (10th Cir.1988); DG Shelter Products Co. v. Forest Products Co., 769 F.2d 644, 645 (10th Cir.1985).” Appellant’s App. at 41. On February 11, plaintiff filed a motion for reconsideration on the grounds that the failure to respond to the summary judgment motion was due to mistake, inadvertence, and excusable neglect on the part of plaintiffs counsel. The district court denied the motion for reconsideration, although it altered its dispositive analysis in a significant respect discussed below.
Plaintiff filed a timely notice of appeal and challenges both the initial grant of summary judgment and the denial of Ms motion for reconsideration. We review a district court’s grant of summary judgment based on a party’s failure to respond to a summary judgment motion, in violation of a local rule, for an abuse of discretion. Hancock, 857 F.2d at 1395. We review the demal of a motion for reconsideration, which we construe as filed pursuant to Fed.R.Civ.P. 59(e),[3] under the same standard. Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir.1997). Without ad-dressmg the appropriateness of the district -court’s imtial grant of summary judgment, we affirm on the basis of its analysis on reconsideration.
When a court grants summary judgment and dismisses a case for failing to respond to a summary judgment motion in violation of a local rule, we apply a fairly rigorous standard to the court’s action; that is, we require a court to consider on the record “(1) the degree of actual prejudice to the defendant; (2) the amount of mterference with the judicial process; and (3) the culpability of the litigant.” Hancock, 857 F.2d at 1396. We impose this rigorous standard because entry of an adverse judgment for violation of a local rule is a severe sanction that is appropriate only when a lesser sanction would not serve the ends of justice.[4] Id.; Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir.1988). On reconsideration here, however, the court sanctioned plaintiffs noncompliance with the local rule by simply deeming defendants’ statement of uncontested facts admitted. TMs exercise of the court’s discretion is not subject to the stringent considerations imposed by cases such as Hancock and Meade. Although it may ultimately result in a grant of summary judgment, deeming facts admitted is not the same as imposing the harsh and conclusive sanction of an adverse judgment on the noncomplying party. We therefore evaluate the district court’s discretion in this regard under the general standard, which defines an abuse of discretion as “an arbitrary, capricious, whimsical or manifestly unreasonable judgment.” FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir.1994) (quotations omitted); cf. Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc., 131 F.3d 874, 894 (10th Cir. *787 1997) (reviewing exclusion of evidence at summary judgment stage of proceedings for abuse of discretion).
On appeal, plaintiff argues that the district court abused its discretion in denying his motion for reconsideration because the failure to respond to the summary judgment motion was due to his counsel’s ignorance of Local Rule 7.1(e), not counsel’s intentional disregard of that rule, and because the failure to respond was not part of a pattern of delay and neglect on his part. He further contends that any penalty should have been imposed on counsel rather than plaintiff. We see no abuse of discretion. The court noted that plaintiff, through his counsel, was aware defendants’ summary judgment motion had been filed and chose not to respond to it, or move that it be stricken, because of its alleged untimeliness. The court also noted, correctly, that plaintiff, through his counsel, should have been aware of Local Rule 7.1(e).[5] Parties choose their counsel and generally are bound by their acts. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Sec. Nat’l Bank v. John Deere Co., 927 F.2d 519, 520 (10th Cir.1991) (“¡Tit is a fundamental principle of our representational legal system ... that a party acts through chosen counsel, whose carelessness or ignorance, therefore, generally does not constitute grounds for relief for his client.”). Under these circumstances, the court’s decision to deem defendants’ asserted facts admitted was not arbitrary or unreasonable.
The final matter is to determine whether defendants were in fact entitled to summary judgment. The district court held that based on the deemed admissions, defendants were entitled to summary judgment. Although the court provided no legal analysis supporting its conclusion, plaintiff has not challenged the court’s determination on appeal. Plaintiff has thereby waived any challenge to the legal basis for the court’s ruling. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n. 7 (10th Cir.1994). Accordingly, we affirm the entry of judgment against plaintiff.
AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

. The charges levied against plaintiff were eventually dismissed.

. Western District of Oklahoma Local Civil Rule 7.1(e), which was renumbered 7.2(e) effective October 1, 2000, provides as follows: “Each party opposing a motion, application or objection shall file with the Clerk and serve upon all other parties a response within eighteen (18) days from the date of the motion, application or objection was filed ---- Any motion, application or objection which is not opposed within eighteen (18) days may, in the discretion of the Court, be deemed confessed.”

. Because plaintiff filed his motion for reconsideration within ten days of the court's judgment, it is considered a Rule 59(e) motion. See Hatfield v. Bd. of County Comm’rs, 52 F.3d 858, 861 (10th Cir.1995).

. We note that other circuits do not permit the entry of summary judgment on this basis without a determination on the merits of the Rule 56 motion. See, e.g., Stough v. Mayville Comm. Schools, 138 F.3d 612, 614-15 (6th Cir.1998); Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175-76 (3d Cir.1990); Jaroma v. Massey, 873 F.2d 17, 19-20 (1st Cir.1989).

. Indeed, counsel should also have been aware of Local Rule 56.1, which provides that "[a]ll material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party." W.D.Okla.LCvR 56.1(c). Other courts within this circuit employ similar rules, and we have not questioned their application. See, e.g., Taylor v. Pepsi-Cola Co., 196 F.3d 1106, 1108 n. 1 (10th Cir.1999); Mitchael v. Intracorp, Inc., 179 F.3d 847, 856 (10th Cir.1999).