**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHAUNDA VICE,

      Plaintiff-Appellant,

v.

BLUE CROSS AND BLUE SHIELD
OF OKLAHOMA,

      Defendant-Appellee.

No. 04-5025
(D.C. No. CV-02-194-P(M))
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HARTZ** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Chaunda Vice initially filed this action under Title VII for race

and sex discrimination. After discovery had proceeded for a time, she dismissed

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

her Title VII claims and amended her pleadings to allege that Blue Cross and Blue Shield of Oklahoma (BCBS), her former employer, violated her rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. The district court granted summary judgment for BCBS and plaintiff now appeals.

Plaintiff, who suffers from depression and anxiety, claimed that BCBS did not accommodate her condition and eventually terminated her because of it.[1] The district court rejected these claims on several grounds. As for accommodation, the court held plaintiff had failed to demonstrate either that she had an actionable disability, that she was a qualified individual entitled to accommodation, or that she had ever requested and been denied an available accommodation. As for discriminatory termination, the court held plaintiff had been terminated for job abandonment not implicating ADA protections. Upon de novo review, *Croy v. Cobe Labs., Inc.*, 345 F.3d 1199, 1201 (10th Cir. 2003), we affirm for the specific reasons discussed below and thus need not address all of the additional, legally redundant deficiencies identified by the district court.

---

[1] Plaintiff also has a painful condition affecting the use of her hands, and a workers' compensation case involving that condition overlapped in time with the events discussed here, but her ADA claims have focused on her mental condition. *See* R. doc 68 at 12 n.3 (district court order noting "[p]laintiff has not claimed throughout the briefing in this case that she suffered from a disability as a result of her hand injury"). Indeed, BCBS promptly accommodated her hand condition and there is nothing in the record to support a colorable ADA claim in this regard.

In conjunction with several incidents involving interpersonal conflict and supervisory discipline during late Spring of 2000, plaintiff exhibited increased depression and anger at work. She took a short leave of absence in June and received counseling, but continued to seek more time off upon her return. Finally, on July 20, 2000, she went on family medical leave. She was treated for depression by Dr. Thomas Madaj, who restricted her from work. R. doc. 48, exs. 24, 25. Dr. Madaj continued the work restriction following another appointment on August 3, 2000. *Id.*, exs. 27, 31. A month later, Dr. Madaj observed that plaintiff seemed better and did not need an anti-depressant that he had initially prescribed. *Id.*, ex. 28. He did not refer to the previous work restriction. On November 29, 2000, Dr. Madaj saw plaintiff once more. He noted flu symptoms and continued problems with her hands, but reported that she was "mentally O.K." *Id.*, ex. 29. Again, the work restriction was not mentioned. Plaintiff evidently did not see another doctor or counselor or engage in any treatment for depression from that time until April 12, 2001, when BCBS terminated her for failure to make contact regarding her return to work.

Plaintiff admitted in her deposition that, although she had sporadic contact with BCBS human resources over incidental matters during the nine months she was on medical leave, she never informed BCBS that she was willing to return to work, much less request any accommodation of her mental condition that would

have enabled her to do so. R. doc. 46, ex. B at 47-48. Nor does it appear that she indicated to BCBS any intent to conclude her protracted medical leave anytime in the near future–indeed, she stated at her deposition in August 2003, more than three years after taking leave, that she still felt that she could not work. *Id.*, at 48.

Our cases make it clear that under these circumstances BCBS was not obligated to continue plaintiff on indefinite medical leave for some eventual accommodation if and when she might try to return, and did not violate the ADA by terminating her for job abandonment. *See Boykin v. ATC/VanCom of Colo., L.P.*, 247 F.3d 1061, 1064-65 (10 th Cir. 2001) (following *Taylor v. Pepsi-Cola, Co.*, 196 F.3d 1106, 1110 (10 th Cir. 1999)); *Hudson v. MCI Telecomms.*, 87 F.3d 1167, 1169 (10 th Cir. 1996). Plaintiff, however, cites a regulation issued under The Family and Medical Leave Act of 1993 (FMLA), 29 C.F.R. § 825.702(b), which she contends shows that ADA employers are unconditionally required to provide indefinite medical leave as an accommodation to disabled employees, contrary to the authority just cited. We disagree.

The purpose of the regulation is to clarify the scope and function of the FMLA by comparing it to the anti-discrimination laws. The subsection cited by plaintiff discusses the very different approaches to medical leave taken by the FMLA and the ADA: "FMLA entitles eligible employees to 12 weeks of leave in any 12-month period, whereas the ADA allows an indeterminate amount of leave

. . . as a reasonable accommodation." This provision just contrasts the FMLA's limited but mandatory leave entitlement with the ADA's far more generalized principle of accommodation, which allows for the extension of some unspecified quantum of leave, to be determined by reference to what is reasonable under the circumstances. We see no inconsistency between this provision and the ADA case law. The regulation merely notes that the ADA's accommodation obligation, unlike the FMLA's leave entitlement, does not mandate any definite amount of leave. It does *not* say that the ADA mandates indefinite leave. The logical error in equating those two very different propositions is obvious. Only a very strained reading of the regulation, and one that ignores both established ADA case law and the inherently limited import of any FMLA regulation on application of the ADA, would treat the regulation as requiring employers to keep disabled employees on medical leave indefinitely to avoid ADA liability.

The judgment of the district court is AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge